UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

STASON SUTTON                                                    CV

                              Plaintiff,

            -against-                                            **COMPLAINT**

ESRT 1333 BROADWAY, L.L.C. AND URBAN                            **JURY TRIAL REQUESTED**
OUTFITTERS, INC.

                              Defendants.
----------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff Stason Sutton (hereafter referred to as "Plaintiff"), by counsel, Parker

Hanski LLC, as and for the Complaint in this action against Defendants ESRT 1333

Broadway, L.L.C. and Urban Outfitters, Inc. (together referred to as "Defendants"),

hereby alleges as follows:

## <u>NATURE OF THE CLAIMS</u>

1.        This lawsuit opposes pervasive, ongoing, and inexcusable disability

discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive,

and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses

to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of

Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and

its implementing regulations, the New York State Human Rights Law ("NYSHRL"),

Article 15 of the New York State Executive Law ("Executive Law'"), the New York State

Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law

("NYCHRL"), Title 8 of the Administrative Code of the City of New York

("Administrative Code'").  As explained more fully below, Defendants own, lease, lease

1

to, operate, and control a place of public accommodation that violates the above-mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendants to accept responsibility.  This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.    At all times relevant to this action, Plaintiff Stason Sutton has been and remains currently a resident of the State and City of New York.

6.    At all times relevant to this action, Plaintiff Stason Sutton has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.    Defendant ESRT 1333 Broadway, L.L.C. owns the property located at 1333 Broadway in New York County, New York (hereinafter referred to as "1333 Broadway").

8.    Each defendant is licensed to and does business in New York State.

9.    At all relevant times, defendant Urban Outfitters, Inc. operates and/or leases property located at 1333 Broadway from the defendant ESRT 1333 Broadway, L.L.C. (hereinafter referred to as the "Urban Outfitters" premises).

10.    In or around 2013, nonparty 1333 Broadway Associates L.L.C. entered into a lease agreement with defendant Urban Outfitters, Inc. have a written lease agreement.

11.    After 2013, defendant ESRT 1333 Broadway, L.L.C. became the successor in interest to 1333 Broadway Associates L.L.C. and owner of 1333 Broadway.

12.    Defendant Urban Outfitters, Inc. leases approximately 56,730 square feet of space on the ground floor, second floor, and the basement of 1333 Broadway.

13.    At all relevant times, Defendant Urban Outfitters, Inc. has maintained and operated a retail apparel store doing business as "Urban Outfitters" at 1333

Broadway.

14.    Before 2013, the Urban Outfitters premises (i.e. the space leased by defendant Urban Outfitters, Inc.) did not have a staircase traveling to and from the basement level and the second floor at 1333 Broadway.

15.    In or about 2013 or 2014, defendant Urban Outfitters, Inc. installed a staircase traveling from the basement level to the second floor inside the Urban Outfitters premises at 1333 Broadway.

16.    Before 2013, no staircase existed in the location where defendant Urban Outfitters, Inc. installed a staircase traveling to and from the basement level to the second floor inside the Urban Outfitters premises at 1333 Broadway.

17.    In or about 2013 or 2014, defendant Urban Outfitters, Inc. installed a large landing level on the new staircase between the basement level and the ground floor level inside the Urban Outfitters premises at 1333 Broadway.

18.    In or about 2013 or 2014, defendant Urban Outfitters, Inc. installed a large landing level on the new staircase between the ground floor level and the second floor level inside the Urban Outfitters premises at 1333 Broadway.

19.    Since 2013 or 2014, the staircase and landings inside the Urban Outfitters premises at 1333 Broadway have been available to customers for traveling between the levels inside the Urban Outfitters premises.

20.    Since about 2013 or 2014, defendant Urban Outfitters, Inc. has displayed merchandise for sale on the large landing level on the staircase between the basement level and the ground floor level inside the Urban Outfitters premises at 1333 Broadway.

21.    Since about 2013 or 2014, defendant Urban Outfitters, Inc. has displayed

merchandise for sale on the large landing level on the staircase between the ground

floor level and the second floor level inside the Urban Outfitters premises at 1333

Broadway.

22. Defendant Urban Outfitters, Inc. provides an elevator to customers to

travel to and from the basement, first floor, and the second floor.

23. Defendant Urban Outfitters, Inc. does not provide an elevator for

customers to travel to the large landings on the staircase between the basement and first

floor as well as on the staircase between the first floor and the second floor.

24. Defendant Urban Outfitters, Inc. provides a platform lift for wheelchair

users to travel from the basement level to the landing on the staircase between the

basement and first floor to the basement.

25. But Defendant Urban Outfitters, Inc. does not provide any means of

wheelchair accessible vertical access from that landing to the first floor.

26. In other words, a wheelchair user who utilizes the platform lift to travel

from the basement level to the landing cannot continue up the stairs to the first floor.

27. Instead, a wheelchair user must return back to the basement level and

then travel to the elevator in order to get to the first floor.

28. Defendant Urban Outfitters, Inc. provides a platform lift for wheelchair

users to travel from the second floor to the landing on the staircase between the first

and second floors.

29. But Defendant Urban Outfitters, Inc. does not provide any means of

wheelchair accessible vertical access from that landing to the first floor.

30. In other words, a wheelchair user who utilizes the platform lift to travel

from the second floor to the landing cannot continue down the stairs to the first floor.

31.     Instead, a wheelchair user must return back to the second floor and then travel to the elevator in order to get to the first floor.

32.      Non-disabled customers can utilize a continuous path of travel between the floors and landing levels while the disabled cannot.

33.     Perversely and in violation of the laws against disability discrimination, defendants force mobility impaired customers to travel a longer distance than able bodied customers.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

34.     Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Urban Outfitters premises located at 1333 Broadway, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

35.     The Urban Outfitters premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

36.     Numerous architectural barriers exist at the Urban Outfitters premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

37.     Upon information and belief, at some time after 2012, alterations were made to 1333 Broadway, including areas adjacent and/or attached to 1333 Broadway.

38.     Upon information and belief, at some time after 2012, alterations were made to the Urban Outfitters premises, and to areas of 1333 Broadway related to the Urban Outfitters premises.

39.     Within the past three years of filing this action, Plaintiff visited, attempted to and desired to access the Urban Outfitters premises.

40.     The services, features, elements and spaces of the Urban Outfitters premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

41.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Urban Outfitters premises that are open and available to the public.

42.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, the Building Code of the City of New York ("BCCNY"), or the 2014 New York City Construction Code ("2014 NYC").

43.     Barriers to access that Plaintiff experienced, encountered and/or which

deter Plaintiff from patronizing the Urban Outfitters premises as well as architectural

barriers that exist include, but are not limited to, the following:

I.   Defendants do not provide accessible public entrances as the West 35th Street
     entrance has steps.  See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1);
     4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4,
     206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1; 1105.1.

II.  Defendants do not provide an accessible route from public transportation stops,
     accessible parking, public streets or sidewalks to the building entrance that
     coincides with the general circulation path used by patrons to the public
     accommodation thereby relegating plaintiff to a "second class citizen" entrance
     and exit.  See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010
     Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY § 1104.5.

III. At the inaccessible public entrance, defendants do not provide and display the
     International Symbol of Accessibility with the required information indicating the
     location of a designated and nearest accessible entrance.  See 1991 Standards §§
     4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§
     216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

IV.  Defendants have an inaccessible public entrance and fail to provide and display
     the International Symbol of Accessibility at a designated accessible entrance.  See
     1991 Standards §§ 4.1.2(7)(c), 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and
     4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-
     292.18.

V.   The property owner defendant failed to provide an accessible entrance to the
     tenant defendant.  See 1991 Standards § 4.1.3(a)(iii); 2010 Standards § 206.4.5,
     404; Administrative Code § 27-362; and BCCNY § 1105.1.6.

VI.  Defendants fail to provide that no changes in level exist inside the required
     minimum maneuvering clearance at the ground space in front of the public
     entrance door.  See 1991 Standards§§ 4.37, 4.13.6, 4.3.8, 4.5.2; and 2010
     Standards §§ 305.2, 302, 304.2, 404.2.4.4.

VII. Defendants fail to provide accessible vertical access to all the floors and levels.
     42 U.S.C. § 12183(b); and 28 C.F.R. §§ 36.404(a) and 36.401(d)(2).

VIII. Defendants fail to provide access to the landing areas due to multiple steps.  See
      1991 Standards §§ 4.1.3, 4.1.6; and the 2010 Standards §§ 206.2.2, 206.2.3,
      206.2.3.1, 206.2.4, 206.2.6.

IX.   The interior space of defendants' public accommodation is not accessible and usable to the disabled plaintiff.  See Administrative Code §§ 27-292.10 and 27-292.5.

X.   Defendants fail to provide an accessible interior route of 36 inches in width in all locations available to non-disabled customers.  See 1991 Standards § 4.3.3; and 2010 Standards § 403.5.1.

XI.   Defendants fail to provide the minimum required maneuvering clearance width at the end of every obstruction or aisle from which to make a turn around the obstruction or aisle.  See 1991 Standards § 4.3.3; and 2010 Standards § 403.5.2.

XII.   Defendants fail to provide that at least one of the self-service sales and/or service counters is accessible and dispersed throughout its premises.  See 1991 Standards § 7.2; 2010 Standards §§ 227.3, 227.1, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

XIII.   Defendants fail to provide a portion of the self-service sales and/or service counters that is no greater than 36 inches above the finish floor and no less than 36 inches in length thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction in a manner similar to non-disabled customers.  See 1991 Standards § 7.2; 2010 Standards §§ 227.1, 227.3, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

XIV.   Defendants fail to provide the self-service sales and/or service counters have accessible reach ranges from which to conduct a transaction. See 1991 Standards §§ 5.6 and 4.2; 2010 Standards §§ 904.5.1, 308, 227.4.

XV.   Defendants fail to provide that the cross slope of the ramp/walkway from the elevator on the second floor is no greater than the maximum permissible slope of 2%.  See 1991 Standards § 4.8.6; and 2010 Standards § 405.3.

XVI.   Defendants failed to provide a level landing that is sixty inches in length and of equal width to the ramp at the top and bottom of the ramp.  See 28 C.F.R. §§ 36.302(a), 36.304(e); 1991 Standards §§ 4.1.3(1), 4.3.7, 4.3.8 and 4.8.4; and 2010 Standards § 405.7.

XVII.   Defendants fail to provide handrails on both sides of the ramp/walkway that has a running slope greater than 5% and rises more than 6 inches in height.  See 28 C.F.R. §§ 36.302(a), 36.304(e); 1991 Standards §§ 4.1.3(1) and 4.8.5; 2010 Standards §§ 403.6, 405.8, 505, 505.2.

XVIII.   Defendants fail to provide that the handrails extend at least 12 inches beyond the top and bottom of the ramp/walkway in a parallel and rounded return.  See 1991 Standards §§ 4.8.5(2), 4.8.5(6); and 2010 Standards § 505.10.

XIX.   Defendants fail to provide a 60-inch level landing of equal width on the ramp/walkway after each 30-inch rise in height.  See 1991 Standards §§ 4.8.2, 4.8.4; and 2010 Standards §§ 405.6, 405.7.3, 405.7.1, 405.7.2.

XX.   Defendants fail to provide a 60-inch level landing after each change in direction for the ramp/walkway.  See 1991 Standards § 4.8.4; and 2010 Standards § 405.7.

XXI.   Defendants fail to provide that the platform lift provided for wheelchair users facilitates unassisted entry, operation, and exit from the lift. See 1991 Standards §§ 4.11.3; 4.11.2; and 4.11.1; and 2010 Standards § 410.1.

XXII.   Defendants' interior doors require more than five pounds of force to open.  See 1991 Standards § 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9.

44.   Upon information and belief, a full inspection of the Urban Outfitters premises will reveal the existence of other barriers to access.

45.   As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Urban Outfitters premises in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

46.   Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

47.   Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws.  Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

48.   Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination.

The barriers to access within the Urban Outfitters premises continue to exist and deter Plaintiff.

49.     Plaintiff frequently travels to the area where the Urban Outfitters premises is located.

50.     Plaintiff intends to patronize the Urban Outfitters premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

51.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Urban Outfitters premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

52.     Plaintiff intends to patronize the Urban Outfitters premises several times a year as "tester" to monitor, ensure, and determine whether the Urban Outfitters premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

### FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

53.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

54.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

55.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

56.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

57.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

58.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

59.     Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

60.     The Urban Outfitters premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

61.     Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

62.     The paths of travel to the altered primary function areas accessible were not made accessible in violation of 28 C.F.R. § 36.403.

63.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

64.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

65.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

66.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

67.     Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

68.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

69.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life

13

activities of both walking and body motion range.  Plaintiff therefore suffers from a

disability within the meaning of the Executive Law § 296(21).

70.     In 2019, the New York State legislature enacted legislation that provides

effective immediately that the New York State Human Rights Law shall be "construed

liberally for the accomplishment of the remedial purposes thereof, regardless of whether

federal civil rights laws, including those laws with provisions worded comparably to the

provisions of this article, have been so construed". See Executive Law § 300 [effective

date: August 12, 2019].

71.     By amending the Executive Law § 300 to mirror the text of the New York

City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York

State legislature confirmed the legislative intent to abolish parallel construction between

the New York State Human Rights Law and related Federal anti-discrimination laws.

72.     Defendants have and continue to subject Plaintiff to disparate treatment by

denying Plaintiff equal opportunity to use their place of public accommodation all

because Plaintiff is disabled.

73.     Defendants discriminated against Plaintiff in violation of NYSHRL

(Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public

accommodation.  Each of the Defendants have aided and abetted others in committing

disability discrimination.

74.     Defendants have failed to make all readily achievable accommodations

and modifications to remove barriers to access in violation of NYSHRL (Executive Law

§ 296(2)(c)(iii)).

75.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

76.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

77.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

78.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

79.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

80.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

81.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

82.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish

"parallelism" between the NYCHRL and the Federal and New York State anti-

discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis

added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest

extent possible.  See also New York City Local Law 35 of 2016.

83.     Defendants have and continue to subject Plaintiff to disparate treatment

and disparate impact by directly and indirectly refusing, withholding, and denying the

accommodations, advantages, facilities, and privileges of their place of public

accommodation all because of disability in violation of the NYCHRL (Administrative

Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing

disability discrimination.

84.     Defendants have and continue to commit disability discrimination in

violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations

of the ADA as alleged herein.

85.     Defendants have discriminated, and continue to discriminate, against

Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing,

creating and/or maintaining an inaccessible commercial facility/space.

86.     Defendants have subjected, and continue to subject, Plaintiff to disparate

treatment by directly and indirectly refusing, withholding, and denying the

accommodations, advantages, facilities, and privileges of their commercial facility/space

all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

87.     Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

88.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

89.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, ESRT 1333 Broadway, L.L.C. continuously controlled, managed, and operated the public sidewalk abutting 1333 Broadway, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

90.     ESRT 1333 Broadway, L.L.C.'s failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

91.     Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

92.     Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . .

[when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

93.     Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

94.     Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

95.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

96.     Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

97.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

98.     Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so

reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

99.     By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

100.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

101.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

102.    Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

103.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

104.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

105.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

106.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

107.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendants' violations of NYSHRL and the NYCHRL;

E.   Award Plaintiff punitive damages in order to punish and deter the

Defendants for their violations of the NYCHRL;

F.   Award Plaintiff the monetary penalties for each and every violation of the

law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the NYCHRL;

H.   Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the ADA; and

I.   For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: May 13, 2022
          New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**


By:____/s_____
          Glen H. Parker, Esq.
          Attorneys for Plaintiff
          40 Worth Street, Suite 602
          New York, New York 10013
          Telephone: (212) 248-7400
          Facsimile: (212) 248-5600
          Email:ghp@parkerhanski.com